**BUTICAPS, INC., Etc., Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 13993.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 10, 1958.

Decided Jan. 30, 1958.

Petition for Rehearing Denied
April 1, 1958.

Mr. Eugene Gressman, Washington, D. C., with whom Mr. Max M. Kampelman, Washington, D. C., was on the brief, for appellant.

Mr. E. Tillman Stirling, Asst. U. S. Atty., Washington, D. C., with whom Messrs. Oliver Gasch, U. S. Atty., and Lewis Carroll, Asst. U. S. Atty., Wash-

1. 15 U.S.C.A. § 717r.

ington, D. C., were on the brief, for appellee.

Before PRETTYMAN, WILBUR K. MILLER and BASTIAN, Circuit Judges.

## PER CURIAM.

The libel in this case was filed to condemn certain articles of drug (a claimed skin conditioner) in accordance with the Federal Food, Drug and Cosmetic Act.[1] It was claimed that the articles were misbranded within the meaning of said Act in that: (1) as alleged in paragraph 3 of the libel a leaflet entitled "Buticaps" enclosed in each package, and a booklet entitled "here's how * to promote * to sell * to profit with Buticaps" contained statements which were false and misleading; and (2) as alleged in paragraph 4 of the libel the aforementioned articles were further misbranded in that the designations of certain vitamins and proteins appearing on the package labels were false and misleading.

Thereafter, the libel was amended by adding paragraph 3(a) to allege that the name "Buticaps" on the package labels, leaflet and booklet represents and implies that the articles will beautify the skin of the user, which is false and misleading since the articles will not beautify the skin of the user.

After answer by libelee admitting the allegations in paragraphs 3 and 4 of the libel but denying the allegations in paragraph 3(a) as to the use of the word "Buticaps,"[2] the Government filed motion for judgment on the pleadings. This motion was not opposed but, in the answer thereto, libelee [claimant] urged: "If this Motion is granted, claimant's pleading with regard to the name 'Buticaps' must be taken as true."

The District Court filed a memorandum announcing that it would grant the motion for judgment on the pleadings but would exercise its discretion in not ordering the articles destroyed, as it had a

right to do,[3] and would release the seized articles for relabeling. The court's memorandum contained the following language:

"* * * Provided, however, that the claimant post a good and sufficient bond to insure compliance with the statute and that relabeling is done under the supervision of an officer or employee duly designated by the Secretary of the Department of Health, Education and Welfare, as the statute provides, the expenses of such supervision to be paid by the claimant. The Court regards these provisions as mandatory.

"Order accordingly."

Thereupon, on February 19, 1957, the court ordered that judgment on the pleadings be entered in favor of plaintiff [libelant].

On February 28, 1957, libelee moved the court for an order directing that the condemned articles be delivered to libelee and requesting that the court specify, pursuant to the judgment on the pleadings, that the statute was found to have been violated in the following manner and only in the following manner:

"(1) Misbranding in reference to a leaflet entitled 'Buticaps,' enclosed in each package of the condemned article;

"(2) Misbranding in reference to two designations appearing on the label of the seized articles."

Libelee asked that the court "further specify that the seized articles must now be brought into compliance with the Federal Food, Drug and Cosmetic Act * * * by appropriate relabeling but that, pursuant to the aforesaid judgment, there has been no judicial determination in this action that the name 'Buticaps' does not comply with the statute, which name need, therefore, not be changed under the judgment entered heretofore in this action."

1. 21 U.S.C.A. §§ 301–392 (1952).

2. It was claimed by libelee in its answer that that name was "neither false nor misleading since it is a coined word which

has no meaning aside from the meaning given it by naming this product."

3. 21 U.S.C.A. § 334(d).

The Government's reply to the motion stated that the position of the *Department of Health, Education and Welfare* was that the name "Buticaps" is false and misleading, and that it would be a violation of the statute to allow relabeling under that name. Thereupon, on May 21, 1957, the court entered its order, reciting, among other things, that because of libelee's insistence upon the use of the name "Buticaps," further efforts to relabel would be fruitless; and the court directed that the articles seized be destroyed by the United States Marshal. This appeal followed.

We think this ruling of the District Court was erroneous. The judgment on the pleadings was limited, of necessity, to the admitted facts. We believe that the refusal of the Department of Health, Education and Welfare to allow relabeling unless the word "Buticaps" was eliminated was unauthorized, and that libelee was entitled to a *judicial* hearing and ruling on the question of the alleged misuse of the word. See Ewing v. Mytinger & Casselberry, 339 U.S. 594, 70 S.Ct. 870, 94 L.Ed. 1088 (1950).

We agree that, as the Government contends, "[b]y violating the law and introducing a misbranded drug into interstate commerce, the owner of the article, after there has been a judicial determination that the article violates the law, loses any *right* to repossess his property" and that "[h]e regains the property upon such terms and conditions as to the trial court seem just and proper, within the confines of the powers conferred by Section 304(d)" of the Act [21 U.S.C.A. § 334(d)]. But the terms and conditions are to be fixed by the *court* and not by the Department of Health, Education and Welfare. Libelee is entitled to judicial due process.

It is no answer, as urged by libelant, to say that the name "Buticaps" itself implies that the article will impart beauty. It may be that, on hearing, the court,

on evidence, could determine that the use of the name "Buticaps" is misleading. As to this, we express no opinion.

Accordingly, the judgment of the District Court is reversed; and the case is remanded to that court, either to proceed to the judgment of relabeling, insofar as the admitted violations are concerned, or, if the court be so advised, to re-open the case to determine the issue as to the use of the word "Buticaps."[4]

Reversed and remanded.

---

4. It is noted that libelant, at the hearing on the motion of libelee to relabel the condemned articles, orally moved that the case be reopened for the purpose of trial on "the merits of that one issue."